MAY 24, 1804.

# Robert Morriso v. Thos. Coghill's Legatees.

*Upon an appeal from a judgment of the General Court.*

1. It is a rule in the construction of deeds that the entire deed shall be taken together, and that it shall be so construed as to give it effect rather than the contrary.

2. Where the beginning course called for in a deed was *north forty degrees west*, when, from the remaining calls in connection with the location of the objects called for, it was apparent that the course intended was *south forty degrees west*, and the description is sufficient without the erroneous call, it will be rejected.

In this case, it appears that the course called for from the beginning corner is variant from the marked line, the course called for being *north forty degrees west*, and the marked line being *south forty degrees west*. By the case agreed it is admitted that the lines were run, and the corner trees marked, as the boundaries of the land claimed by the appellees. The only question necessary to be decided is, does the mistake in the course of calling to run *north* instead of *south* destroy the appellees' grant, which is admitted to be the eldest? It is a rule, in construing deeds, that the construction be made on the entire deed, and not merely on disjointed parts of it. It is, also, a maxim that such a construction ought to be made of deeds that the end and design of deeds should take effect, rather than the contrary, *ut res magis valeat quam pereat*. Apply these rules to this case. The patent calls to begin at two sugar trees and a white oak in the line of Jesse Hord's survey of seven hundred and fifty acres; thence with a line of the said survey *north* forty degrees west, crossing the creek, and passing the corner of said survey, course continued, in all four hundred and eighty-nine poles and five links, to a sugar tree, hickory, and buckeye. It may be unnecessary to pursue the other lines and corners, as the mistake is in the first. From the survey made and returned in this cause by the surveyor of Mason, annexed and referred to in the case agreed, there appears a line of Hord's survey, in which line the survey of the appellees begins to pursue the course of north forty degrees west, would not run with Hord's line, nor would it ever cross the creek, or other water courses, nor pursue any of the other marked lines called for in the patent; and by adhering to the call to run north forty degrees west, all the residue of the marked lines and corners, and water courses called for are to be rejected, and, by that mean, the grant destroyed, when, by omitting the words "north forty degrees west," the grant will be sufficient without them. It would then read: "Beginning at two sugar trees and a white oak in the line of Jesse Hord's survey of seven hundred and fifty acres; thence with a line of said survey crossing the creek and crossing the corner of said survey, course continued, in all four hundred and eighty-nine poles, five links, to a sugar tree, hickory, and buckeye. The call to run with

Hord's line, crossing the creek, a natural object, is a more certain, locative, and descriptive call than the course north forty degrees west, as from the variation of the compass, and even the variation between different instruments of that kind, a person is more liable to be deceived than by pursuing marked lines to natural and notorious objects, such as the north fork of Licking. It is a rule, founded on every day's practice, and supported by reason and experience, that if a course and distance be called for, and there be a marked line and corner variant from that course, which is proven or admitted to be the line made by the surveyor as the boundary, that the marked line shall be pursued. Cases may happen where neither line, nor corner, nor natural boundaries can be shown, and where course and distance only can be resorted to; and cases may arise where the description of boundary is either so vague, contradictory or repugnant as to totally destroy the grant.

Therefore, it is considered by the court, that the judgment aforesaid be affirmed; that the appellees may proceed to have the benefit of the same in the court below, and recover of the appellant their costs in this behalf expended, which is ordered to be certified to the said court.